TEXAS & PACIFIC RAILWAY COMPANY v. MATILDA PATTERSON ET AL.

Decided May 4, 1907.

**1.—Walking on Railroad Track—Discovered Peril—Charge.**

In a suit by a widow and her children for the death of their husband and father while walking along defendant's railroad track, charge upon the issue of discovered peril considered and held correct.

**2.—Special Charge—Duty to Request.**

When the court in its main charge submits defendant's defenses conjunctively and the defendant desires the same submitted disjunctively, it must request a special charge curing the omission.

**3.—Use of Railroad Track—License.**

When a portion of a railroad track is used by the public as a public way with the knowledge of the railroad company a person so using the same is not a trespasser nor guilty of contributory negligence as matter of law.

**4.—Same—Discovered Peril—Fact Case.**

In a suit as above stated evidence considered, and held to support a finding of the jury that the defendant's employees were guilty of negligence in failing to stop their train after the peril of deceased was discovered by them.

Appeal from the District Court of Harrison County. Tried below before Hon. Richard B. Levy.

*F. H. Prendergast,* for appellant.—The court erred in refusing special charge requested by the defendant, as follows: The jury are charged that the plaintiff can not recover in this case, you will therefore return verdict for the defendant. Central R. R. v. Smith (Ga.), 34 Am. & Eng. R. R. Case, 3; Louisville & N. Ry. v. Howard, 19 Am. & Eng. R. R. Case, 98; Missouri Pac. Ry. v. Moseley, 57 Fed. Rep., 921 (6 C. C. A., 641).

*M. P. McGee* and *M. B. Parchman,* for appellees.—The court did not err in the third paragraph of the charge in charging the jury that if the persons operating the engine saw and knew deceased was in peril of being struck by the engine, it was the duty of defendant's servants to make use of all the means at hand to avert striking the deceased. Missouri Pac. Ry. v. Weisen, 65 Texas, 443; International & G. N. Ry. v. Sein, 11 Texas Civ. App., 386; Houston & T. C. R. Co. v. Ramsey, 97 S. W. Rep., 1067; Texas & Pac. Ry. Co. v. Brannon, 96 S. W. Rep., 1095; El Paso El. Ry. Co. v. Kendall, 85 S. W. Rep., 61; Texas & Pac. Ry. v. Robinson, 4 Texas Civ. App., 121; Gulf, C. & S. F. Ry. v. Lankford, 88 Texas, 499.

After it became manifest to the operatives that deceased was in peril of being run over and killed, the plaintiff would be entitled to recover,

whether his peril was brought about by his drunkenness or any other misfortune or cause.   Texas & Pac. Ry. v. Robinson, 4 Texas Civ. App., 121; International & G. N. Ry. v. Sein, 11 Texas Civ. App., 386; Missouri Pac. Ry. v. Weisen, 65 Texas, 443.

BOOKHOUT, ASSOCIATE JUSTICE.—Matilda Patterson, for herself and her children, filed suit in the District Court of Harrison County on July 28, 1904, for $1,990 damages caused by James Patterson, the husband of said Matilda and the father of her children, being killed by a train of the Texas & Pacific Railway Company on June 11, 1904.   There was a trial in August, 1906, resulting in a verdict and judgment for plaintiff in the sum of $600 and upon the overruling of defendant's motion for new trial it perfected an appeal.

*Conclusions of Fact.*—James Patterson was killed about one mile west of Jonesville, as he was traveling on the railroad track to his home.   He was going west on the track when he was struck by a train going east and killed.   The agents and employes of appellant's train that struck Patterson saw him upon the track and discovered his peril in time, by the use of the means and appliances at hand, to have stopped the train and have avoided killing him, and their failure to make use of said appliances and stop the train and avoid striking him constituted negligence on their part which was the direct cause of his injury and death.   By the death of James Patterson appellees sustained damages in the amount of the verdict and judgment.

*Conclusions of Law.*—There was no error in submitting the issue of discovered peril.   The pleading and evidence clearly raised the issue and it was properly submitted.   Complaint is made of that part of the fifth paragraph of the charge reading: "If the jury believed that James Patterson failed to exercise ordinary care for his own safety and you further find that defendant's servants, in charge of the engine, did not have reasonable ground to believe that he would not get off the track to avoid being run over, and that such servants in charge of the engine used reasonable care to stop the train, and avoid running against deceased, after it became manifest that deceased did not intend to get off the track, that the verdict should be for the defendant."   It is insisted that this clause of the charge was error because it made it necessary that the jury should find, that deceased failed to exercise ordinary care, and also that the persons in charge of the engine did not have reasonable grounds to believe that he would not get off, and that they used reasonable care to stop the train, after it became manifest that deceased did not intend to get off the track.   The complaint seems to be that the charge submitted the defenses conjunctively instead of disjunctively.   The charge announced a correct proposition of law. If the appellant desired the defenses submitted disjunctively, it should have requested a special charge curing the omission.   This it did not do.   Gulf, C. & S. F. Ry. Co. v. Hill, 95 Texas, 629.

Appellant assails the sixth paragraph of the charge which reads: "If the jury find, that deceased was not negligent in walking on the

track, or if he was negligent, that after he was discovered on the track defendant's servants in charge of the engine negligently failed to use ordinary care, in failing to stop or check the train, after it became reasonably manifest to them that deceased would not get off the track, then they find for plaintiff." It is contended that it was an admitted fact that the deceased was guilty of negligence in being upon the track and the court should have so charged the jury. Plaintiffs alleged in their petition that Patterson was not guilty of contributory negligence in walking on the track and was not a trespasser, and set up in substance that the track was used by the people in that neighborhood in going to and returning from Jonesville, and that it was a public way with the knowledge of defendant. There was evidence tending to support these allegations. We discover no error in the sixth paragraph of the charge.

Nor did the court err in refusing appellant's special charge No. 2, reading as follows: "In this case the jury is charged that the evidence shows that the deceased, James Patterson, was to some extent intoxicated and was walking on the railroad track away from the public crossing, using the tracks as passageway lengthwise. There is no evidence that the persons operating the train saw that James Patterson was not going to get off in safety; therefore you will find for the defendant." The court gave appellant's requested charge that, "If the persons operating the train saw James Patterson on the track they had the right to assume that said Patterson was in possession of all his senses, and would heed the danger and get off the track in time of safety."

Russell Pierce, a witness for plaintiffs, testified: "I was about 175 yards from Jim Patterson when the train struck him. I was southwest from him. When I first saw the train, it was about 600 yards away when it whistled; at that time Patterson was coming up the railroad track towards his home; after the train first whistled, it ran along a little piece and whistled several times more, the last whistle was about 300 yards west of Patterson; this was a long whistle. The track was straight for a mile or more. There was no obstruction on the track between Patterson and the train. I could not see that they did anything on the train to check its speed before it struck Patterson. They did nothing to stop it that I could see. It made a full stop after it struck him. In my judgment they went 300 or 400 yards before they stopped after they struck him. I was 175 yards from the track. The train was going east and Patterson was on the north side; this put the train between him and me. He seemed to be nearly in the middle of the track." It was shown that the train was equipped with automatic air brakes and had a service and emergency application of the air brakes. That the air brakes work instantaneously and are applied instantly and that the reverse lever acts instantly. The jury could have inferred from the evidence that the engineer saw Patterson upon the track when 600 yards from him at the time he first sounded the whistle. The engine ran on 100 yards and the engineer again sounded the whistle giving three or four short blasts. He must then have discovered Patterson on the track and that he was not making any

attempt to get off the track, and had not apparently seen the approaching train. There is evidence that the deceased had a reeling, shuffling walk when sober; and there was evidence that he had been drinking very heavily during the day at Jonesville, and in walking he had the appearance of a "reeling, staggering drunken man." If the engineer saw Patterson upon the track and discovered his peril and could have stopped the train by the use of the means then at hand in time to have avoided striking him and failed to do so, then the plaintiffs were entitled to recover. Texas & Pac. Ry. v. Breadow, 90 Texas, 30; Texas & Pac. Ry. v. Staggs, 90 Texas, 460.

There was no error in refusing appellant's special charges Nos. 6, 7, 8 and 9 and the assignments of error complaining of the refusal of these charges are overruled.

Finding no reversible error in the record the judgment is affirmed.

*Affirmed.*